PER CURIAM.
AFFIRMED.
LAWSON and COHEN, JJ., concur.
JACOBUS, J., dissents, with opinion.
JACOBUS, J., dissents, with opinion.
I would reverse. I do not believe Ms. Rogers received a fair trial in this matter due to the misconduct of defense counsel throughout trial. First, defense counsel demonstrated his disdain for the plaintiffs expert, Dr. Craig Lichtblau. This began during his cross-examination, when defense counsel told Dr. Lichtblau that his office had vetted him, that the defense had reviewed his prior testimony and continuation of care plans, that those materials had been assembled in the two boxes next to him, and that he had drawn a few questions from those materials.[1] Defense counsel then continued by questioning Dr. Lichtblau and making faces to the jury during the doctor’s testimony. Further, during final argument, defense counsel suggested to the jury that Dr. Lichtblau looked like Alfred E. Neumann and that he was “the Costco of experts.” Those kinds of comments are unprofessional and uncalled for in a trial.
The next issue worth discussing arose during the testimony of Grady McBride, the physician who conducted the compulsory medical examination of Ms. Rogers. The lawyers had agreed Ms. Rogers would not have to give Dr. McBride any history nor was she required to fill out any interrogatory forms regarding the accident at his office. During the cross-examination of Dr. McBride, there was testimony indicating that Dr. McBride had not reviewed certain medical records containing histories that Ms. Rogers had provided to other doctors. On re-direct, defense counsel, who was a party to the agreement, asked Dr. McBride “Doctor, is there a reason why you don’t have a history from Ms. Rogers?” After the trial court overruled plaintiffs objection to this question, Dr. McBride testified that Ms. Rogers “refused to complete the patient history form or answer or discuss any questions about the accident.” Further, Dr. McBride ultimately stated in front of the jury that he wondered “why someone is not cooperative.” The following morning, plaintiffs counsel renewed his objection to the line of questioning regarding Ms. Rogers’ failure to provide Dr. McBride a history and requested a curative instruction. Plaintiffs counsel asked that the instruction inform the jury that there was an agreement between the lawyers that Ms. Rogers would not have to give a history to Dr. McBride. Defense counsel objected to the proposed curative instruction, pointing out that it would make him look bad to the jury because he knew of the agreement and asked Dr. McBride the question. The court modified the curative instruction and informed the jury that Ms. Rogers was not obligated to give a history to Dr. McBride, but the instruction did not discuss the lawyers’ agreement. I believe the instruction left an impression with the jury that Ms. Rogers was being evasive.
Finally, in closing argument, defense counsel not only demeaned Dr. Lichtblau but he also pointed out to the jury that he knew things about the case that they did not know. Further, counsel dwelled *1076 on the fact that Ms. Rogers failed to call her treating physicians as witnesses. The court sustained the objection to that argument and gave a curative instruction, stating that the jury “should draw no inferences from the fact that a particular witness was not called to testify in this case.” Not to be deterred after the objection, defense counsel went on to say “Ladies and Gentlemen, the very physician that performed the back surgery did not testify.” Defense counsel was aware that he and Ms. Rogers had the same opportunity to call that witness. Because of the cumulative effects of defense counsel’s unprofessional behavior, I would reverse, finding that Ms. Rogers did not receive a fair trial and that she met the requirements as set out in Murphy v. International Robotic Systems, Inc., 766 So.2d 1010 (Fla.2000).

. Although the boxes were placed next to defense counsel during his examination because he claimed he needed them for impeachment, counsel did not actually use any of the materials in the boxes to impeach Dr. Lichtblau.